IDA F. MARSHALL *vs.* EDGAR A. MARSHALL.

Middlesex. May 17, 1920. — June 24, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Husband and Wife,* Separate maintenance. *Probate Court,* Jurisdiction. *Constitutional Law,* Due process of law.

Upon a petition in the Probate Court under R. L. c. 153, § 33, by a wife against her husband alleging that she was living apart from him for justifiable cause, that he failed to support her and that there had been born to them a child who still was a minor, and praying that the court would make such temporary and permanent orders as it deemed expedient concerning the petitioner's support "and the care, custody and maintenance of" the minor child, the Probate Court has jurisdiction and power, although the petitioner fails to sustain the essential allegations relating to her alleged right to separate support, to enter a decree under § 37 of that chapter, reciting that the parties were living "separately," giving to the petitioner the care and custody of the child and directing the respondent to make certain payments toward the support of the child.

The respondent in the proceedings above described was not deprived of rights without due process of law but had full opportunity to be heard upon the issues which were shown by the petition.

APPEAL to the Superior Court from a decree of the Probate Court upon a petition under R. L. c. 153, § 33, ordering "that the petitioner have the care and custody of . . . minor child of" the parties and that the respondent "pay to her toward the support of said minor child" certain sums at stated times and "that said minor child shall not be taken out of said Commonwealth without the consent of her father or of the court; and

---

209 Mass. 481. *Stearns* v. *Fenno,* 227 Mass. 247. *Lamb* v. *Jordan,* 233 Mass. 335.

that the father shall be permitted to see and be with such child at such times and places as may be agreed upon by the parents or as may be fixed by the court."

Two of the objections filed with the appeal were:

"4. That said decree is not founded on the allegations of the petition.

"5. That the allegations of the petition disclose that it was brought under R. L. c. 153, § 33, and the decree is not under that section."

In the Superior Court, the respondent moved "that an order be made sustaining the appeal and ordering the dismissal of the petition of the appellee for the reason that the petition was brought under R. L. c. 153, § 33, that the judge of the Probate Court did not find that the appellant either had failed without just cause to provide suitable support for the appellee or had deserted her or that she for justifiable cause was actually living apart from him, so that the said court had no authority to issue any decree upon said petition and said decree is void."

The motion was heard by *Hammond,* J. The respondent asked for the following rulings:

"1. Upon a petition brought under R. L. c. 153, § 33, and founded upon the allegations necessary to give the court jurisdiction under that section the Probate Court has no jurisdiction to make a decree under R. L. c. 153, § 37.

"2. A petition brought under R. L. c. 153, § 33, gives to the respondent, because of the allegations necessary to support such a petition, no warning that remedy is to be sought under R. L. c. 153, § 37.

"3. Upon the record it is apparent that the petition in this suit was brought under R. L. c. 153, § 33.

"4. Upon the record it is apparent that the decree entered in this suit was entered under R. L. c. 153, § 37.

"5. Upon a petition brought under R. L. c. 153, § 33, and founded upon the allegations necessary to give the court power under that section the Probate Court has no power to make a decree under R. L. c. 153, § 37.

"6. A petition brought under R. L. c. 153, § 33, gives to the respondent, because of the allegations necessary to support such a petition, no warning that remedy is to be sought under R. L.

c. 153, § 37, and entering a decree under § 37 deprives the respondent of rights without due process of law."

The judge gave the third and fourth rulings requested, refused the others, made an interlocutory order denying the motion, and, being of opinion that the correctness of the order ought to be determined by this court before further proceedings, reported the case for determination of the correctness of the rulings.

The case was submitted on briefs.

*E. V. Grabill,* for the respondent.

*J. M. Maloney,* for the petitioner.

BRALEY, J. The appellate court correctly ruled that the petition was brought under R. L. c. 153, § 33, while the decree is in accordance with § 37. The question for decision therefore is whether the Probate Court had authority to enter the decree. The material allegations which the respondent was called upon to meet are, that the petitioner is his lawful wife; that he fails to support her; that she is living apart from him for justifiable cause; and "that there has been born to them the following children: Margaret Marshall, born March 13, 1905." The relief asked is, that the court will make such temporary and permanent orders as it deems expedient concerning her support, "and the care, custody and maintenance of said minor children." It appears from the recitals in the record that the petitioner failed to sustain the essential allegations relating to her alleged right to separate support. *Bucknam* v. *Bucknam,* 176 Mass. 229. *Smith* v. *Smith,* 154 Mass. 262. *Everett* v. *Everett,* 215 U. S. 203. But by § 37, "If the parents of minor children live separately, the Probate Court shall have the same power, upon the petition of either parent, to make decrees relative to their care, custody, education and maintenance, as relative to children whose parents are divorced; and shall determine which of the parents of such children shall be entitled to such custody in accordance with the law relative to the custody of children whose parents have been divorced." The respondent under our practice was not required to file an answer, and the issues being shown by the petition, he could not have been misled. We are of opinion that the petition is sufficient to warrant a decree under § 37. The allegation that she is living apart from her husband for justifiable cause means not only actual separation, but that he had failed to perform his

matrimonial obligations. If, however, separation of the spouses was shown, the court even without passing on the question of the wife's justification could "make such temporary and permanent orders as it deemed expedient concerning . . . the care, custody and maintenance of the minor children of herself and her said husband." While the evidence is not before us the decree recites, that "it appearing to the court that said petitioner and her said husband are living separately," the petitioner is given the care and custody of their minor child, toward whose support the respondent is ordered to make certain payments until the further order of the court. The identity of the issues viewed in connection with the decree are free from doubt, namely, that the parents were living separately and that the husband and father should be required to contribute to the support of his child, the care and custody of which under certain conditions is awarded to the wife and mother. The court had jurisdiction of the parties and of their domestic relations in so far as disclosed by the record, and the respondent who appeared had a full opportunity to be heard. *Chase* v. *Proprietors of Revere House,* 232 Mass. 88, 98. If for any reason relief were denied to the wife, the judge if he deemed it expedient could under the express wording of the petition make provision for the care, custody and support of their minor child, and having determined the fundamental fact of separation, the decree which followed was not in excess of the jurisdiction of the court. See *Fourth National Bank of Boston* v. *Mead,* 214 Mass. 549. The respondent's first, second, fifth and sixth requests, and his motion to dismiss were all denied rightly, and under the terms of the report the case is to stand for further trial.

*So ordered.*