Leo Brows, J.
In this action for an annulment, defendant moves to dismiss the complaint upon the ground, inter alia, ‘ ‘ that documentary evidence attached establishes a prior divorce between the parties ’ ’.
Plaintiff sues for an annulment based on fraud, alleging that defendant induced plaintiff to marry him by falsely represent *519 ing that he loved her and intended to live with her as a husband. Defendant has failed to answer or appear and an inquest was held in this action on February 22 and 23, 1971. On March 9, 1971 judgment was entered granting plaintiff an annulment, but by an order of this court dated March 17, 1971 that judgment was vacated and set aside to afford defendant an opportunity to establish at a traverse hearing that he was never served with process in this action. Such traverse hearing was never held, however, and on April 20, 1971 defendant made the instant motion to dismiss. This motion is based upon a judgment of divorce which defendant obtained against plaintiff on March 22, 1971 in the Court of Common Pleas of Mahoning County, Ohio, after plaintiff’s default in that action.
Inasmuch as plaintiff may not be granted an annulment by default without satisfactory proof of the grounds therefor (Domestic Relations Law, § 211), the issue to be determined herein is whether the foreign judgment of divorce procured by defendant is a bar to the relief sought by plaintiff. (See Vanderhorst v. Vanderhorst, 282 App. Div. 312, mot. for lv. to app. den. 282 App. Div. 835; Herman v. Herman, 57 N. Y. S. 2d 614.)
A foreign decree of divorce procured by a party who is a bona fide domiciliary of the rendering State is entitled to full faith and credit in every other State, even though the defendant was not domiciled in the rendering State and did not appear in the action (U. S. Const., art. IV, § 1; Williams v. North Carolina, 317 U. S. 287), provided that service was made upon the defendant in accordance with the requirements of due process. (16 N. Y. Jur., Domestic Relations, § 972.) A finding that the plaintiff was a bona fide domiciliary of the rendering State may, however, be collaterally attacked by a nondomiciliary defendant who did not appear in the foreign action upon a showing of sufficient facts to rebut the presumption of the validity of the foreign judgment. (Williams v. North Carolina, 325 U. S. 226, rehearing den. 325 U. S. 895; cf. Matter of Franklin v. Franklin, 295 N. Y. 431.) No such showing has been made by the plaintiff at bar (Matter of Best v. L.J.F. Corp., 20 A D 2d 743) nor does she contend that she was not duly served in the Ohio action. Indeed, plaintiff has failed to submit any proof on these issues, aside from an affirmation by counsel which is in reality a memorandum of law digesting various cases.
Moreover, the Ohio judgment may not be collaterally attacked by reason of defendant’s apparent failure to inform the Ohio court of the pendency of the present action. (Chenu v. Board of Trustees of Police Pension Fund of City of N. Y., 12 A D 2d 422, affd. 11 N Y 2d 688, mot. for rearg. den. 11 N Y 2d 798, cert. *520 den. 370 U. S. 910; Di Russo v. Di Russo, 55 Misc 2d 839.) Nor may this court deny full faith and credit to the Ohio judgment because it is inconsistent with the prior New York judgment of annulment. It has been repeatedly held that a judgment entered by a court which failed to give full faith and credit to a prior New York judgment is, nevertheless, entitled to full faith and credit in this State. (Lynn v. Lynn, 302 N. Y. 193, cert. den. 342 U. S. 849; Chenu v. Board of Trustees of Police Pension Fund of City of N. Y., supra; Di Russo v. Di Russo, supra.) A fortiori, where, as in the present case, the later foreign judgment is entered after the New York judgment had been vacated and set aside, such foreign judgment constitutes the final adjudication of the marital status of the parties.
Accordingly, the court holds that the Ohio judgment is entitled to full faith and credit. The motion to dismiss is granted with leave to plaintiff to institute support proceedings in the Family Court.