Sidney Leviss, J.
Plaintiff pleads three causes of action, i.e., for support, for divorce, and for a judgment declaring’ that section 230 of the Domestic Relations Law is unconstitutional. Defendant moves to dismiss the first and second causes of action for legal insufficiency and lack of subject matter jurisdiction and to declare the statute constitutional. Defendant also “ requests ” leave to interpose a defense of lack of in personam jurisdiction (CPLR 3211, subd. [a], par. 8) in the event that the court denies the motion to dismiss the first cause of action.
The Attorney-General of the State of New York moves for leave to intervene in support of the constitutionality of section *553 230 of the Domestic Relations Law; that motion is granted. (CPLR1012, subd. [b].)
Plaintiff alleges that she married defendant on May 17, 1969 in Paterson, New Jersey; that the parties resided in that city until their separation on March 9, 1971, and that on May 10, 1972 plaintiff established a residence and domicile in Par Rock-away, New York.
Section 230 of the Domestic Relations Law provides as follows: “Required residence of parties. An action to annul a marriage, or to declare the nullity of a void marriage, or for divorce or separation may be maintained only when:
1 ‘ 1. The parties were married in the state and either party is a resident thereof when the action is commenced and has been a resident for a continuous period of one year immediately preceding, or
“ 2. The parties have resided in this state as husband and wife and either party is a resident thereof when the action is commenced and has been a resident for a continuous period of one year immediately preceding, or
‘ ‘ 3. The cause occurred in the state and either party has been a resident thereof for a continuous period of at least one year immediately preceding the commencement of the action, or
“ 4. The cause occurred in the state and both parties are residents thereof at the time of the commencement of the action, or
‘ ‘ 5. Either party has been a resident of the state for a continuous period of at least two years immediately preceding the commencement of the action.”
Plaintiff alleges that this statute is unconstitutional in that it denies her equal protection of the laws' and due process of law and is in conflict with section 61 of the Domestic Relations Law, which provides that ‘ ‘ the domicile of a married woman shall be established by the same facts and rules of law as that of any other person for the purpose of voting and office-holding.”
A court of original jurisdiction is justified in invalidating an act of the Legislature only in the clearest cases. (City of New Rochelle v. Echo Bay Waterfront Corp., 182 Misc. 176, affd. 268 App. Div. 182, affd. 294 N. Y. 678, cert. den. 326 U. S. 720.)
In the opinion of the court plaintiff has failed to make the requisite clear showing of unconstitutionality. Plaintiff relies on cases in which the Supreme Court of the United States has struck down residence requirements for welfare eligibility and the exercise of- voting rights (see, e.g., Shapiro v. Thompson, 394 U. S. 618) but these cases are inapposite to the issue at bar. A new resident who has been denied the right to welfare benefits *554 or the right to vote during an initial statutory waiting period has irretrievably lost his rights for that period. Plaintiff’s right tó a divorce has, however, not been denied but merely postponed, through a valid exercise by the State of its legislative function. (Whitehead v. Whitehead, 492 P. 2d 939, 945 [Sup. Ct. of Hawaii].)
In reliance on section 61 of the Domestic Relations Law plaintiff contends that a wife may establish a New York domicile for the purpose of procuring a divorce in a much shorter period of time than is provided for in section 230 of the Domestic Relations Law. This argument ignores the principle that the jurisdiction of the courts of this State in matrimonial actions is purely statutory (Eckert v. Eckert, 34 A D 2d 684; cf. Matter of Seitz v. Drogheo, 21 N Y 2d 181) and hence a judicial standard of domicile in matrimonial actions may not be substituted for the subject matter requirements of section 230. (See Eckert v. Eckert, supra.)
Accordingly, the motion to dismiss the second cause of action is granted and the court declares that section 230 of the Domestic Relations Law is constitutional.
The motion is denied as to plaintiff’s cause of action for support (Riemer v. Riemer, 31 A D 2d 482, mot. to dismiss app. den. 27 N Y 2d 751; Di Russo v. Di Russo, 55 Misc 2d 839) but that1 claim is transferred for determination to the Family Court, Queens County. (N. Y. Const., art. VI, § 19, subd. a; Kagen v. Kagen, 21 NY 2d 532.)
Defendant’s “request” for leave to interpose a defense of lack of in personam jurisdiction is denied; defendant has waived that defense by failing to include it in the instant motion. (CPLR 3211, subd. [e]; Siegel’s Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, § 3211, C3211:59, p. 62.)
Submit order providing for a declaration in accordance with the foregoing.