Louis B. Helleb, J.
In an uncontested action plaintiff wife seeks a divorce pursuant to subdivision (5) of section 170 of the Domestic Belations Law as amended in 1968, which provides that an action for divorce may be maintained by a husband or a wife on the ground that the parties have lived apart pursuant to a decree or judgment of separation for a period of two years after *42 the granting of such decree or judgment, and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such decree or judgment.
Plaintiff obtained a judgment of separation from defendant in the Supreme Court, Kings County on January 6, 1965. The parties having lived separate and apart under the judgment for more than two years, and the plaintiff having substantially complied with all the terms and conditions of the judgment, the only question to be determined is whether or not subdivision (5) as amended by chapter 700 of the Laws of 1968 applies to separation decrees obtained prior to September 1,1966.
When the Divorce Reform Law was originally enacted the accompanying section 15 of chapter 254 of the Laws of 1966 read as follows: “ § 15. This act shall take effect September first, nineteen, hundred sixty-seven provided that the two year period specified in subdivisions five and six of section one hundred seventy of the domestic relations law as added by this act shall not be computed to include any period prior to September first, nineteen hundred sixty-six and provided further that sections ten and twelve hereof shall take effect immediately.”
Until the act was amended by chapter 700 of the Laws of 1968, there was an ambiguity as to whether it was the intention of the Legislature to exclude separation decrees obtained prior to September 1, 1966, or whether it was merely intended that no time shall be computed prior to September 1,1966 so that no action could be brought until after September 1, 1968.
The ambiguity was laid to rest in light of the fact that the accompanying section 15 hereinabove quoted was dropped from the new amendment, and subdivision (6) of section 170, which governs the living apart ground for divorce based on a separation agreement was amended by chapter 700 to recite that‘the agreement must be one subscribed and acknowledged on or after August 1, 1966. This language was added in order to clearly show that there was a legislative intent that subdivision (6) was to have no retroactive effect.
The bill as originally formulated included both subdivisions (5) and (6) in the inhibition against the granting of decrees based on judgments of separation and separation agreements, entered into prior to August 1,1966. As finally enacted, the time limitation was deleted from subdivision (5).
The Legislature thus showed its intendment that subdivision (5) be excepted from the cutoff date imposed on subdivision (6), and that subdivision (5) be given retroactive effect.
*43 Judgment of divorce granted to plaintiff. Custody of the three children is awarded to the plaintiff, with liberal visitation to defendant. Support and maintenance for each child is fixed at $20 per week, for a total of $60 per week, plaintiff not having requested any alimony or counsel fee.