Louis B. Heller, J.
In an action by plantiff husband for divorce grounded on subdivision (5) of section 170 of the Domestic Relations Law which provides that an action for divorce may be maintained by a husband or a wife on the ground that the parties have lived apart pursuant to a decree or judgment of separation for a period of two years after the granting of such decree or judgment, and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such decree or judgment, defendant wife moves by order to show cause for an order .staying the plaintiff from proceeding with conciliation and all other proceedings in the divorce action.
The parties herein were married in New York City in 1943. Defendant wife, as plaintiff, was the successful litigant in an action for separation in Queens County and was granted a judgment of separation on February 25, 1963. The judgment provided that the wife was to receive $90 per week for the support and maintenance of the plaintiff (in that action) and the three infant children of the parties, as well as the sum of $375 as counsel fee.
For some time after the granting of the judgment the husband made .sporadic support payments and accumulated arrears of $715. The counsel fee was never paid by him.
In September, 1963, immediately after contempt proceedings were commenced against him, which resulted in an order of the Queens County Supreme Court holding the husband in contempt, he absconded to the State of New Jersey where he established a residence, and the wife was unable to effectuate payment of the arrears.
In January, 1964 the wife learned for the first time that her husband had remarried after securing a unilateral Mexican *210 divorce. She pursued him to New Jersey and there instituted proceedings against the husband which resulted in a declaration on July 29, 1964 by the Superior Court of New Jersey that the Mexican divorce was a nullity, and that the husband’s second marriage was null and void.
The husband was thereafter convicted of bigamy and his incarceration in a New Jersey penal institution was averted only by grace of the wife who, having custody of the three infant children of the marriage, accepted the express promise of the husband to provide support and maintenance for her and the three children in the sum of $60 per week which she, as plaintiff, had been granted pursuant to a New Jersey judgment of separation dated April 6,1965.
It is on this 1965 New Jersey judgment of separation that the husband, as plaintiff, now seeks a divorce against defendant wife, invoking subdivision (5) of section 170 of the Domestic Relations Law.
We are thus confronted for the first time with an action for divorce wherein the ‘ ‘ guilty ’ ’ party, against whom a judgment of separation had been granted, now bases an action for absolute divorce on that same separation judgment, against a spouse who was the successful litigant in the separation action against him.
In the court’s decision in Leclaire v. Leclaire (58 Misc 2d 41) granting a divorce to plaintiff wife, there was no such problem, as the plaintiff therein had also been the successful party, as plaintiff, in the separation action. In Leclaire I also held that subdivision (5) of section 170 was retroactive insofar as it related to judgments of separation secured before the enactment of the Divorce Reform Law on September 1,1966, and I so hold in the instant action, with qualifications as hereinafter noted.
The right to .seek a divorce pursuant to subdivision (5) of section 170 is available to either spouse, that is, to the “ culpable ”, as well as to the “ innocent ” party in the separation action. If the Legislature had intended that only the successful litigant in the prior action can sue for a divorce in accordance with subdivision (5), it would have so formulated the statute. It did not do so in the face of many pointed arguments by a large segment of the Bar.
However, a spouse who obtained a judgment 'of separation before the enactment of the Divorce Reform Law of 1966, never contemplating nor envisioning that it would one day ripen into grounds for an absolute divorce, with its concomitant dire consequences of loss of valuable property and testate and intestate inheritance rights, will suffer entirely unforeseen and unconscionable sequelae under subdivision (5) of section 170.
*211 I have grave misgivings about the constitutionality of subdivision (5) of section 170 as presently constituted, particularly insofar as it makes this ground available to the “ guilty ” spouse against whom a judgment of separation was granted prior to September 1,1966.
While these observations may be obiter dicta in the present posture of this action, I will think hard and long before granting a divorce to an unsuccessful spouse under the afore-mentioned circumstances, without safeguarding, in every way consonant with my powers, the “innocent” party’s economic and inheritance rights as “surviving spouse” under the Estates, Powers and Trusts Law. As a court of equity, I can do no less.
In an analogous, although not parallel situation (Di Russo v. Di Russo, 55 Misc 2d 839 [Sup. Ct., Nassau County]), Justice Meyer in a penetrating opinion held that notwithstanding that he would not restore a divorced spouse’s position as wife insofar as conjugal rights and marital status were concerned, he would restore to her certain elucidated economic rights.
This accommodation, it appears to me, is the most equitable solution to a vexing dilemma. The language in Di Russo (supra, p. 850), can be applied almost verbatim to the instant action: “It is hardly to be expected that after seven years of divorce and as many of vigorous litigation there is any hope that the marriage between plaintiff and Fortunato can be rehabilitated; it appears, therefore, that greater social benefit will accrue from recognizing the remarriage than from denying it recognition (Clark [Estoppel Against Jurisdictional Attack on Decree of Divorce, 70 Yale L. J. 45, 58], supra; see Goodloe v. Hawk, 113 F. 2d 753, 757). Separability of the various rights that arise out of marriage from the marital status itself has long been recognized (Vanderbilt v. Vanderbilt, 354 U. S. 416; Sutton v. Leib [342 U. S. 402, 410], supra; Estin v. Estin, 334 U. S. 541; Anello v. Anello, 22 A D 2d 694; Huber v. Huber, 26 Misc 2d 539) with the result that a man freed by ex parte divorce to marry a second wife nonetheless continues (except in the State granting the ex parte divorce [Simons v. Miami Beach Nat. Bank, 381 U. S. 81]) married to his first wife for purposes of support, property interests, inheritance and the like (see, also, Krause v. Krause [282 N. Y. 355], supra, which reaches an essentially similar result not as a matter of constitutional law, but on the basis of estoppel).”
Of course, in situations where the court, in the exercise of discretion, includes express reservations to the “innocent” defendant in a judgment of divorce, consideration must be given *212 to cases where divorces and remarriages will result in multiple surviving ex-spouses. The problem is further complicated by divers circumstances relating to Social Security, immigration laws, health insurance and pension rights. The court cannot control Federal law (nor can the New York State Legislature, for that matter), but the court can make every effort to compensate an “innocent” spouse for the loss of benefits in appropriate cases.
The rationale behind the “ living apart ” ground for divorce is cogently set forth by Professors Foster and Freed: “ The traditional concept that a divorce should be granted only to an innocent spouse for grounds based upon specific marital misconduct of the other has been tempered by the incorporation into the divorce laws of twenty-five American jurisdictions of an additional ground for divorce, namely, that of living separate and apart for a specified period of years. The underlying reason for this legislative action has been a realistic recognition of the fact that where a marriage is dead, as evidenced by the objective proof of a separation between husband and wife which has endured for a substantial period, no good purpose is to be served, either for the parties or the state, by a continuance in theory of a marriage bond which is meaningless in fact”. (“ Living Apart as a Ground for Divorce ”, N. Y. L. J., May 17, 1965, page 1, col. 4.)
I wholly agree. After decent interment of the defunct union, the parties should be afforded the opportunity to seek a new life. However, while the marital bonds in such situations should be severed, the equitable powers of the court must be exercised, in appropriate cases, to salvage for the “innocent” spouse the property rights he or she never contemplated would go down the drain along with his or her conjugal rights when he or she successfully litigated his or her separation action.
Another question confronting the court in the instant action is defendant wife’s argument that since the husband bases his divorce action on a New Jersey judgment of separation, his remedy for divorce should lie in that State, and in accordance with the laws of New Jersey, rather than in New York.
The court rejects that contention. Subdivision (5) of section 170 speaks of a decree or judgment of separation. If the Legislature had intended that only a New York decree or judgment of separation could be utilized to secure a divorce under this statute, it would have said so. The statute refers to “ a ” decree or judgment of separation, not to a “New York” decree. The 1968 amendment to subdivision (5) changed the language of the 1966 statute to include the words “ or judgment ” after the word *213 ‘ ‘ decree ’ ’, thus indicating a legislative intent that separation decrees or judgments, whatever nomenclature may be used in other jurisdictions, could be utilized under this' statute.
Defendant wife further contends that since there is an outstanding New York judgment of separation, and an outstanding Queens County Supreme Court contempt order, the terms of which plaintiff husband has obviously not substantially complied with, the husband’s divorce action must fall.
That argument must also be rejected. The flaw in defendant wife’s position is that by obtaining the New Jersey judgment of separation in 1965, two years after she was granted the New York judgment of separation, she is deemed to have abandoned the prior judgment and the orders based thereon. The 1965 New Jersey judgment supersedes the 1963 New York judgment.
Accordingly, defendant wife’s application for a stay of conciliation and all other proceedings in plaintiff husband’s divorce action is denied. Defendant’s time to serve a notice of appearance is extended to 10 days after service upon her of a copy of the order to be entered hereon.