Johh H. Galloway, J.
Plaintiff husband seeks a judgment of divorce pursuant to subdivision (5) of section 170 of the Domestic Relations Law, which provides that such an action may he maintained by a husband or wife on the ground that “ (5) The husband and wife have lived apart pursuant to a decree or judgment of separation for a period of two years after the granting of such decree or judgment, and satisfactory proof has been submitted by the plaintiff that he or she has substantially performed all the terms and conditions of such decree or judgment.”
Defendant appeared by counsel in the action, hut has not answered nor interposed any defense to the complaint herein. She did not attend on the inquest, although she was represented by her counsel. The only question raised by defendant was one of interpretation of a provision in the prior separation decree requiring the plaintiff herein (the defendant therein) to maintain certain hospitalization insurance coverage for the benefit of his wife. The defendant did not otherwise contest this action.
Plaintiff has established by his prima facie proof an apparent cause of action for divorce under subdivision (5) of section 170. The plaintiff husband here was the defendant and was determined to have been the ‘1 guilty ’ ’ party in the prior separation decree which was dated and entered on March 8,1963. The question presented is whether plaintiff is entitled to or should be granted judgment under subdivision (5), or whether the Legislature intended that such relief be granted to a spouse in plaintiff’s status as the prior “ guilty ” party.
Under the prior separation decree the defendant wife retained and preserved her marital status, and certain other rights of property, social security, inheritance, etc. If we were now to reward the ‘ ‘ guilty ’ ’ husband of that separation action with a divorce decree, the “ innocent ” and successful wife would now be deprived of valuable vested rights of marital status and property without any act on her part except that she had pursued her lawful remedies in 1963, when she could not have foreseen such a result as this divorce action against her in favor of her husband against whom she had prevailed. Such a retrospective effect, that is, retrospective from September 1, 1967 *755 (the effective date of the L. 1966, ch. 254), would be in our opinion unconstitutional as a deprivation of due process and of equal protection of the laws (N. Y. Const., art. I, §§ 6 and 11; U. S. Const., 5th and 14th Amdts.), if subdivision (5) of section 170 were interpreted to permit the award of a decree of divorce in favor of a “ guilty ” spouse against an innocent spouse on the facts here presented.
“Because all personal * * * and * * * property rights are subject to the police power, and the police power must be exercised in conformity with due process of law, vested rights may not be divested or impaired except by due process of law ’ ’ (9 N. Y. Jur., Constitutional Law, § 244, and cases cited in notes 12-17). A vested right is “ an immediate fixed right of present or future enjoyment * * * the state may change or take away rights which were created by the law of the state, although it may not take away property which has vested by virtue of such rights.” (9 N. Y. Jur., Constitutional Law, § 246, and cases cited in notes 4 and 9.)
A declaration of invalidity of a statute on the constitutional grounds above suggested should properly be avoided at nisi prius, and left for appellate court determination, if avoidance is possible upon a reasonable construction, interpretation and application of the legislative intent. In our opinion such avoidance is possible and allowable in the factual situation here presented.
Since the Legislature is properly assumed to have been aware that a prior decree of separation must have been predicated on a finding and determination of fault or 11 guilt ’ ’ of the party against whom the decree was rendered, it is wholly unreasonable to conclude that it intended to reward the “guilty” spouse by granting him or her a divorce under subdivision (5) of section 170, by reason of the absence in that section and subdivision of an express limitation of such a right of action to the prior innocent spouse. Such a conclusion and consequent grant of matrimonial relief to a “ guilty ” spouse would, in our opinion, offend the public policy of New York. While the rights with respect to the marital status adjudicated in. a matrimonial action are statutory in origin, the court which adjudicates them sits in equity, and a prior “ guilty ” spouse does not come to that court with clean hands. To reward the “ guilty ” spouse against the prior and present innocent spouse offends and violates fundamental concepts of fairness, due process and equal protection of the laws. It not only ignores, but it divests and impairs, the innocent spouse’s vested rights of marital status, property, social security and inheritance.
*756 With certain exceptions not here relevant (save one) in actions generally to annul a voidable marriage, for separation and divorce (Domestic Relations Law, arts. 9,10 and 11), the causes of action are founded on the fault of one of the spouses. The five grounds for separation are expressly founded on fault, as are also the first four grounds for divorce (Domestic Relations Law, § 200; § 170, subds. [1], [2], [3] and [4]). The sixth ground for divorce (subd. '[6] of § 170 — • husband and wife having lived separate and apart for two years after execution of a separation agreement executed after August 1, 1966) is not either expressly or implicitly founded on fault, for the obvious reason that in such a situation, the parties have previously deliberately avoided the imposition of fault for the occasion of separation against either spouse (although in most such situations the parties expressly accord to one or the other the right to maintain an action subsequently for separation or divorce). Concededly New York has adopted the principle of “ divorce by consent ” under subdivision (6) of section 170,— a policy for which the Legislature may be assumed to have found adequate justification in the public interest. But this consideration does not and should not require the conclusion that under subdivision (5) the Legislature intended to reward with a divorce decree the spouse who has, by prior judicial adjudication been determined to have been the “ guilty ” spouse or spouse at fault. Nor is such a conclusion required by the proviso of subdivision (5) that the plaintiff spouse submit “ satisfactory proof * * * that he or she has substantially performed all the terms and conditions of such degree or judgment,” since in every instance the terms and conditions of a prior judgment are equally applicable to and binding on both parties thereto.
Accordingly, we conclude and determine that subdivision (5) of section 170 of the Domestic Relations Law properly and reasonably construed and interpreted was not intended to grant a decree of divorce to the ‘1 guilty ’ ’ spouse under a prior decree of separation where such decree was entered prior to September 1,1967, on the facts here presented. The complaint is therefore dismissed, without costs. In a case wherein the factual situation was substantially similar to the case at bar and the defendant wife likewise did not contest the cause of action for divorce, the Supreme Court at Special Term, Part V, Bangs County, Morrissey, J., dismissed the husband’s complaint grounded on subdivision (5) of section 170 (see Goldenberg v. Goldenberg, N. Y. L. J., Dec. 2, 1968, p. 18, col. 5; and cf. the obiter dicta of Mr. Justice Heller in Frischman v. Frischman, *757 58 Misc 2d 208). The decision by Mr. Justice Heller in Le Claire v. Le Claire (58 Misc 2d 41) is not contrary to our determination, since the plaintiff wife therein was the innocent and successful plaintiff in the prior decree of separation.
Although the defendant wife herein has not contested plaintiff’s cause of action, where, as here, the court determines that plaintiff has no cause of action under the statute relied on we deem it the court’s duty not only to make such a determination but on its own motion to dismiss the complaint.
In view of the foregoing opinion, which shall constitute the court’s decision pursuant to CPLR 4213 (subd. [b]) we have not signed the findings and conclusions submitted by plaintiff at the court’s request upon the inquest.