Hyman Korn, J.
Motions numbered 5 and 33 of January 21, 1969 are consolidated.
The within action was instituted by plaintiff husband under provisions of subdivision (5) of section 170 of the Domestic Relations Law, for a judgment of divorce on the ground that the parties had been separated, pursuant to a decree of separation, for more than two years prior to the commencement of this action.
The parties were married in 1936 and have two adult children. Their marital difficulties began over 15 years ago and culminated in March, 1954, in an action for separation brought by defendant wife against plaintiff in the State of New York. During the course of this litigation, the parties entered into a separation agreement (June 16, 1954) and immediately thereafter on June 22, 1954, a decree of separation was granted to the defendant on the ground of abandonment. The separation agreement was incorporated by reference into said decree.
*98 In the instant action defendant has raised, in her answer, two affirmative defenses to the plaintiff’s complaint: First, that the parties are living apart not pursuant to the separation decree but rather pursuant to their separation agreement. Thus, it is defendant’s claim that this action would be governed by subdivision (6) rather than subdivision (5) of section 170 of the Domestic Relations Law. Of course, the import of this contention is that under subdivision (6) this action would be barred under the 1968 amendment to subdivision (6) which bars actions based on ‘ ‘ old agreements ’ ’. The second affirmative defense challenges the validity of subdivision (5) of section 170' on the ground that it unconstitutionally permits divorce, without fault, predicated upon “ old ” separation decrees, i.e., decrees entered before enactment of the new divorce law in 1966.
Defendant wife now moves to dismiss plaintiff’s complaint on the grounds thus raised in her answer. Plaintiff cross-moves to strike these defenses as insufficient in law, and further moves to strike paragraph “ 1 ” of defendant’s answer wherein she denies, upon information and belief, the allegation in plaintiff’s complaint to the effect that he has fully complied with the terms of the separation decree.
Defendant’s motion and plaintiff’s cross motions are disposed of as follows:
With respect to defendant’s first affirmative defense that the action would lie, if at all, under subdivision (6) of section 170 of the Domestic Relations Law, based on the argument that the parties are living apart pursuant to the agreement rather than the decree, the court finds no merit to such contention.
The present marital status of the parties is determined by the decree rather than the agreement. In fact, paragraph “ 14 ” of the agreement specifically provided that it was to have no effect until entry of the decree, thus indicating that the parties looked to the decree to effectuate and give validity to their separation. Accordingly, defendant’s application to dismiss the complaint on this ground is denied and plaintiff’s cross motion to strike this defense is granted.
That branch of defendant’s motion to dismiss based upon an attack on the constitutionality of subdivision (5) of section 170 of the Domestic Relations Law as it permits divorce based upon old decrees ” raises issues which, of late, have troubled many courts in our State.
The deep, moral, ethical and religious issues which confronted the Legislature in the enactment of the new divorce law are now again being aired with respect to the manner in *99 which the new law is to be applied in the courts. It is therefore no surprise that the decisions, to date, on this issue have been far from uniform.
Subdivision (5) of section 170 has been held constitutionally valid in its retroactive application to “old” decrees in the following cases: LeClaire v. LeClaire (58 Misc 2d 41); Frischman v. Frischman (58 Misc 2d 208); Adelman v. Adelman (58 Misc 2d 803); Levin v. Levin (N. Y. L. J., Feb. 5, 1969, p 18, col. 5 [Sup. Ct., Bronx County, Loreto, J.]). The above actions were held maintainable without regard to which party was the guilty one in the prior separation. On the other hand, the courts in Church v. Church (58 Misc 2d 753) and Goldehberg v. Goldehberg (N. Y. L. J., Dec. 4, 1968, p. 17, col. 3 [Sup. Ct., Kings County, Morrissey, J.]) would permit such suit only by the innocent party to the prior decree and would deny relief to the guilty one.
The courts in all of the above cases have fully set forth the cogent arguments and legal authorities on both sides of the issue and it is therefore unnecessary to again recite them here at length. Upon consideration of the arguments of counsel made in their briefs and of the legal authorities and issues involved, it is the opinion of the court that the present action by plaintiff may be maintained.
The most serious objection made to the application of the new grounds for divorce to decrees entered prior to 1966 is that it would unconstitutionally interfere with and deprive the spouse (generally the wife) of certain “vested ” rights which it is claimed arise out of the marital res. Primarily the reference is made to right of election and inheritance. In addition, where a separation agreement also exists, as in the instant case, the claim is made that these rights become contractual and to permit divorce would amount to an unconstitutional impairment of these contract rights by the State. The court cannot agree with this contention. There are no vested rights to inherit. At best one spouse has a mere expectancy in the estate of another.
Additionally, there is no “ vested ” right that a spouse has arising either out of contract or out of the marital status to remain married to his or her partner. It is apparent that no decree or agreement may be construed .as to bar a party from seeking a divorce where the grounds exist and the court has jurisdiction.
In fact, any agreement that would bar the bringing of such action would be clearly unenforceable. The fallacy of defendant’s claim to a “vested ” right to remain married to *100 this plaintiff is further shown when we consider the fact that even before this new law was enacted, had plaintiff become a bona fide resident in any one of the two dozen States which permit divorce, without fault, based merely upon a showing of separation for a certain number of years, such divorce would be recognized in our ¡State and would have effectively terminated this marriage and all of defendant’s claimed “ vested” rights. (See Estin v. Estin, 334 U. S. 541.) In any event, a granting of a divorce here would in no way diminish any of plaintiff’s obligations under the agreement. In addition, the court may make such additional provisions for the wife’s support and maintenance as would be fair and equitable under the circumstances.
Defendant further challenges the statute on the ground that it permits the plaintiff, the ‘ ‘ guilty party ’ ’ in the prior separation action, to benefit from his wrong by granting him the right to bring this action and that retrospective application of the law to ‘ ‘ old ’ ’ decrees is unconstitutional. The court similarly finds no merit to this claim.
There appears no constitutional prohibition to a State permitting a divorce on grounds unrelated to fault. Many of our States have, for many years, granted divorces merely upon a showing that the parties have lived apart for a certain period of time. Some of these States are: Alabama, Arizona, District of Columbia, Minnesota, Nevada, North Carolina. Indeed, the courts of these States, when the laws were first enacted, were presented with the same constitutional challenges now being advanced by the defendant. The appellate courts in those States rejected the argument of “vested” rights in marriage, sanctioned its retroactive application to ‘1 old ’ ’ decrees or “voluntary ” separations, and permitted the “ guilty” as well as the innocent party to the prior separation to seek the divorce. (Cooke v. Cooke, 164 N. C. 272; Tipping v. Tipping, 82 F. 2d 828 [C. A., D. C.]; Lagemann v. Lagemann, 65 Nev. 373; Rozboril v. Rozboril, 60 Ariz. 247; Gerdts v. Gerdts, 196 Minn. 599; see, also, 14 A L B 3d 562.)
It should also be noted that constitutional challenges similar to the ones made here, were rejected in the Federal courts. (Tipping v. Tipping, supra; Clemens v. Clemens, 143 F. 2d 24, cert. den. 323 U. S. 736; Lagemann v. Lagemann, supra, app. dsmd. 336 U. S. 932 for want of a Federal question.) The basis for rejection of these constitutional challenges becomes .apparent on an examination of these cases. The State as the sovereign has the complete right to regulate marriage and divorce within its boundaries. It may enlarge or *101 restrict the grounds of divorce as it sees fit. This power of the State is succinctly set forth by the Circuit Court in Tipping v. Tipping (supra, p. 830) wherein the court stated: “ It has been held by the highest authority that marriage is an institution of society, creating a status which may be regulated and controlled by public law; that legislation affecting the institution or annulling the relation between the parties is not within the prohibition of the Constitution of the United States against the impairment of contracts, or against ex post facto laws. (Maynard v. Hill, 125 U. S. 190.) ”
Whether this court may or may not agree with these new grounds for divorce, our 'State Legislature has determined that it is the public policy of our State to grant divorce when a marriage is, for all practical purposes, defunct, and to permit such action without the necessity of fixing blame as to which of the parties was responsible for its demise. Certainly a reasonable argument could be made for a law which no longer compels parties who for some length of time have failed to become reconciled to continue a marital status' which is ostensible rather than real.
A further consideration which prompts this court to uphold the validity of subdivision (6) of section 170 of the Domestic Relations Law is that a court of nisi prius may not declare an act of the Legislature invalid unless its unconstitutionality is patent, for a strong presumption of validity attaches to any statute which can only be overcome by a showing of invalidity beyond a reasonable doubt (Fenster v. Leary, 20 N Y 2d 309, 314).
The court finds no showing that this statute is patently unconstitutional.
Accordingly, defendant’s motion addressed to such claim of unconstitutionality is denied, and plaintiff’s cross motion to dismiss defendant’s second affirmative defense based upon such claim is granted.
That branch of plaintiff’s cross motion which seeks to strike paragraph “ 1 ” of defendant’s answer is denied. Full compliance with the terms of the prior decree by the party seeking the divorce is one of the jurisdictional requisites for maintaining this action; thus the issue as to whether plaintiff has fully performed pursuant to the terms of the decree is one that may not be disposed of in the pleadings.