JOSEPH SCHACHT, Respondent, v. HEDI SCHACHT, Appellant.

Second Department, June 18, 1969.

Irwin Gray for appellant.

Morris Fierson for respondent.

BENJAMIN, J. In January, 1966, the defendant wife obtained a decree of separation against the plaintiff husband. In April,

1966, the Legislature enacted the Divorce Reform Law (L. 1966, ch. 254). Included in that chapter was a new section 170 of the Domestic Relations Law. Subdivision (5) of that section authorizes either spouse to obtain a divorce where the parties have lived apart, pursuant to a decree of separation, for two years after the granting of the decree. In August, 1968, the husband brought the instant action for divorce pursuant to said subdivision (5) of section 170. After a trial, Special Term granted a divorce to the husband; and the wife has appealed.

The issues now before us are (a) whether subdivision (5) of section 170 is retroactive and applies to a living-apart pursuant to a separation decree obtained before the enactment of the section; (b) whether the so-called " guilty " party in the prior separation action may sue for divorce under this statute where the separation decree was obtained before the statute's enactment; and (c) whether the statute is constitutional if construed as retroactive and available to the " guilty " party.

In our opinion subdivision (5) of section 170 was intended to be and is retroactive. A literal, unstrained reading of that subdivision so indicates. And that conclusion is supported by the following facts: (1) When the Divorce Reform Law was enacted, one of its sections (Domestic Relations Law, § 210) provided: " No action for divorce * * * may be maintained on a ground which arose more than five years before the date of the commencement of that action for divorce "; but it expressly exempted subdivision (5) of section 170 from this five-year Statute of Limitations, even though the effective date of this limitation statute was fixed at September 1, 1967 (L. 1966, ch. 254, § 15). (2) As enacted in 1966, section 170 contained four " fault " grounds and two " non-fault " grounds, the latter being subdivision (5) (living apart pursuant to a separation decree) and subdivision (6) (living apart pursuant to a separation agreement). In 1968 a bill was introduced that would have made subdivisions (5) and (6) expressly nonretroactive. The Legislature deleted the provision which would thus have amended subdivision (5) and then enacted the remaining provision making subdivision (6) expressly nonretroactive (L. 1968, ch. 700, § 2). At the same time, it provided that these amendments to section 170 were to be effective immediately (L. 1968, ch. 700, § 3). As the effective date of the 1968 amendment was June 16, 1968, the statute as amended clearly permitted the two-year period of living apart, pursuant to a separation decree, to start prior to September 1, 1966 (which the 1966 statute had fixed as the earliest starting date of the living-apart period),

and, of course, prior to September 1, 1967, which was the original effective date of the statute. The Legislative Memorandum on these 1968 amendments (by the Joint Legislative Committee on Marital and Family Laws) flatly stated: " The bill as it now stands, demonstrates a legislative intent to construe that provision [i.e., subd. (5)] as retroactive " (see *Kaplan* v. *Kaplan,* 31 A D 2d 247, 250; *Adelman* v. *Adelman,* 58 Misc 2d 803, 804; *Leclaire* v. *Leclaire,* 58 Misc 2d 41). And the Governor's Counsel similarly advised the Governor, before he signed the 1968 amendment, as to the legislative intent concerning retroactivity of subdivision (5) (see Foster and Freed, The Conversion Ground For Divorce In New York, N. Y. L. J., April 30, 1969, May 1, 1969 and May 2, 1969).

With respect to the Legislative Memorandum on the 1968 amendments, we are not impressed by the argument (advanced in *Abelson* v. *Abelson,* 59 Misc 2d 172, and *Zientara* v. *Zientara,* 59 Misc 2d 344) that the intent of the 1968 Legislature is irrelevant and that we should be concerned only with the intent of the 1966 Legislature. When the 1968 Legislature amended subdivisions (5) and (6) (subd. [6] in substance and subd. [5] in several minor respects), and when it made the amendments to section 170 effective immediately, it in effect re-enacted those subdivisions; and by deliberately refusing to make subdivision (5) nonretroactive, while so revising subdivision (6), and by making the amendments to these subdivisions effective immediately, it clearly evinced *its* intent that subdivision (5), *as re-enacted in 1968,* be construed as retroactive (see *Kaplan, Adelman, Leclaire, supra*). Such clear expression of the legislative intent compels a holding by us that subdivision (5) is retroactive and applicable to a living-apart pursuant to a separation decree obtained prior to the enactment of the Divorce Reform Law.

We also believe that the " guilty " party in the prior separation action has the right to sue for a divorce pursuant to subdivision (5) of section 170. The statute expressly gives either spouse the right to bring such suit. Nowhere does it distinguish between the " guilty " spouse and the " innocent " spouse in that regard. Obviously, this is because subdivision (5), like subdivision (6), is a non-fault provision for divorce on the ground that the demise of the parties' marriage has been established by two years of living apart; the separation decree is not the ground for the divorce, but merely conclusive evidence of the *bona fides* of their separation.

Parenthetically, we might also note that the term " guilty party " is frequently inaccurate. Flimsy separation actions,

ostensibly grounded on fault but actually brought because of incompatibility, have often been settled by the parties under an agreement that the defendant would withdraw his answer, the plaintiff would put in *pro forma* proof of abandonment or non-support, and a judgment would then be entered against the defendant, embodying the parties' agreement as to custody, alimony and division of property. In such cases it obviously would be unfair to label the defendant as the " guilty party " and for that reason to deny him relief under subdivision (5) of section 170, since the plaintiff may have been as much, or perhaps even more, responsible for the collapse of their marriage.

Finally, it is our opinion that this statute is constitutional when construed as retroactive and available to the " guilty " spouse. In the carefully-reasoned decisions in *Adelman* v. *Adelman* (58 Misc 2d 803, *supra*) and *Gleason* v. *Gleason* (59 Misc 2d 96), and in The Conversion Ground For Divorce In New York, by Foster and Freed (*supra*), it was pointed out that the State has complete right and power to regulate marriage and divorce, except that it may not take away vested rights or property; that there is no *vested* right to the marital status; that rights of inheritance and social security are not *vested* rights; and that the statute consequently does not destroy any *vested* rights even though it may affect the marital status and rights of inheritance and social security of the parties. Moreover, as those decisions and this article make clear, the statute does not impair the obligations of contracts, does not violate the prohibitions against ex post facto laws, and does not violate the Equal Protection Clause, because there are rational bases for the distinctions it makes and the classifications it establishes. We hold, then, that the statute is constitutional as we have construed it.

The only remaining question is whether the amount of alimony awarded by the Special Term was proper. On this record we believe it was.

We conclude that the judgment of the Special Term should be affirmed insofar as appealed from, without costs.

RABIN, Acting P. J., MUNDER, MARTUSCELLO and KLEINFELD, JJ., concur.

Judgment affirmed insofar as appealed from, without costs.