(August 29, 1994)

■ ALLEN BEYDA et al., Respondents, v BOARD OF TRUSTEES

OF THE VILLAGE OF SADDLE ROCK et al., Appellants. [616 NYS2d 72] —In an action, *inter alia,* for declaratory relief, the defendants appeal from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated February 5, 1992, which, *inter alia,* declared Local Laws, 1988, No. 7-1988 of the Incorporated Village of Saddle Rock unconstitutional.

Ordered that the judgment is reversed, on the law, with costs, and it is declared that Local Laws, 1988, No. 7-1988 of the Incorporated Village of Saddle Rock is not violative of the Equal Protection Clause of the United States Constitution.

The challenged law, Local Laws, 1988, No. 7-1988 of the Incorporated Village of Saddle Rock, is not violative of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that the classifications established concerning who will and will not be deemed "residents" of the village for purposes of use of the village pool are not irrational and bear a reasonable relation to a legitimate governmental interest *(see, Maresca v Cuomo,* 64 NY2d 242; *Lighthouse Shores v Town of Islip,* 41 NY2d 7). We find no support for the proposition that the plaintiffs had a vested right to use the village pool *(see,* 16A CJS, General Considerations, § 228; 20 NY Jur 2d, Constitutional Law, §§ 301-303; *Church v Church,* 58 Misc 2d 753; *cf., People v Miller,* 304 NY 105; 12 NY Jur 2d, Buildings, Zoning, and Land Controls, § 122; 11 NY Jur 2d, Buildings, Zoning, and Land Controls, § 39).

The plaintiffs' remaining contentions are either not properly before this Court or without merit. Lawrence, J. P., Altman, Krausman and Florio, JJ., concur.