■ 470 BAYWALK, INC., et al., Appellants, v INCORPORATED VILLAGE OF OCEAN BEACH, Respondent. [642 NYS2d 51] —In an action for a judgment declaring the invalidity of Local Laws, 1994, No. 6 of the Incorporated Village of Ocean Beach, for a permanent injunction, and to recover damages under 42 USC § 1983 *et seq.,* the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Cannavo, J.), dated August 9, 1995, which denied their motion for partial summary judgment and granted the defendant's motion for summary judgment, and (2) a judgment of the same court, entered August 30, 1995, which declared the local law to be constitutional.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Although the plaintiffs have standing to maintain this action (*see generally, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 769-773), they have failed to rebut the Village's showing that the difference in volume and intensity of restaurant and residential outdoor cooking constitutes a rational basis to differentiate between a commercial and residential land use for the purposes of the availability of an outdoor cooking permit (*see, Lighthouse Shores v Town of Islip,* 41 NY2d 7; *Alevy v Downstate Med. Ctr.,* 39 NY2d 326; *Beyda v Board of Trustees,* 207 AD2d 517). As such, the Supreme Court properly granted summary judgment to the Village on both the cause of action under State law and the Federal civil rights cause of action pursuant to 42 USC § 1983 *et seq. (see, DiPalma v Phelan,* 81 NY2d 754). Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.